UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV63 CDP |
| | ) | |
| B&D ELECTRIC, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

The United States brings this civil action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), for recovery of costs incurred in responding to the release of hazardous substances at the Missouri Electric Works Superfund Site ("Site"), located in Cape Girardeau, Missouri. The matter is before me on a motion to dismiss the third-party complaint. Because I find that defendants fail to state a third-party claim for breach of contract against MEW Site Trust Fund, I will grant the motion.

MEW Trust entered into a Consent Decree with the United States in 1994 settling its liability for certain response costs associated with the Site. In 1999, MEW Trust sued other parties potentially responsible for hazardous substances at the Site, including the defendants here. MEW Trust sought contribution for costs it was obligated to pay the United States under the Consent Decree. Defendants

settled with MEW Trust in separate settlement agreements.  The United States filed this suit in 2005 to recover from defendants additional costs associated with the Site.  Defendants' third-party complaint against MEW Trust alleges breach of the settlement agreements and seeks indemnification for any costs defendants are ultimately adjudged to owe the United States relating to the Site.  MEW Trust requests dismissal of the third-party complaint for failure to state a claim.

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P.  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

Defendants allege that MEW Trust breached the settlement agreements by failing to pay all of the United States' oversight and response costs for the Site, resulting in the United States filing this suit against defendants for additional costs.  The third-party complaint describes the settlements between MEW Trust and defendants as releasing each defendant "from any claims for costs incurred or to be incurred pursuant to the ... Consent Decree."

The plain language of the settlement agreements, however, indicates that each defendant paid a monetary amount to MEW Trust in exchange for being released from costs MEW Trust was obligated to pay for work performed or to be performed under the Consent Decree.  MEW Trust did not release defendants from any and all liability for the Site, nor did it indemnify defendants from any future suit by the United States.

At the October 2005 motion hearing in this case, the United States represented to the Court that it is not seeking to recover the same costs in this suit that have already been settled in the Consent Decree.  The settlements between MEW Trust and defendants for costs under the Consent Decree are therefore irrelevant to this suit.  Defendants cannot seek third-party indemnification from MEW Trust under a breach of contract claim when the contracts between the parties did not involve the same costs which the plaintiff seeks in this suit.

Under Federal Rule of Civil Procedure 14(a), a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.  Based on the settlement agreements between MEW Trust and defendants, and the allegations of the United States in this case, MEW Trust cannot be liable to defendants as a third-party defendant for any part of the plaintiff's claim against defendants.  The

third-party complaint fails to state a claim upon which relief can be granted, and therefore dismissal is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that third-party defendant MEW Site Trust Fund's motion to dismiss the third-party complaint [#110] is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2006.